UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHANNON C. DICKINSON,

                        Plaintiff,                9:16-CV-0898
                                                          (TJM/CFH)

    v.

NEW YORK STATE COMMISSION
OF CORRECTION; et al.,

                        Defendants.

---

APPEARANCES:

SHANNON C. DICKINSON
16-A-4567
Plaintiff, pro se
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

I. **INTRODUCTION**

Pro se plaintiff Shannon C. Dickinson commenced this action in July 2016, during his confinement at the Warren County Correctional Facility. *See generally* Dkt. No. 1.[1] Upon review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(ii) and 28 U.S.C. § 1915A(1), this Court concluded that plaintiff's claims that his constitutional rights were violated when his grievance appeals to the New York Commission of Correction ("COC")

---

[1] Plaintiff's earlier filed action asserting claims against Warren County and several County officials and employees arising out of the conditions of his confinement at that facility is pending. *See Dickinson v. York*, 9:16-CV-0152 (LEK/DEP) (N.D.N.Y. filed Feb. 10, 2016).

were not properly investigated and timely responded to were not cognizable in this Section 1983 action and were subject to dismissal. *See* Dkt. No. 5 ("August Order"). Judgment of dismissal was duly entered by the Clerk. Dkt. No. 6.

Plaintiff's Notice of Appeal from the August Order and Judgment was duly filed by the Clerk as of October 17, 2016. *See* Dkt. No. 9.[2]

In a Mandate issued on June 2, 2017, the Second Circuit, having determined that plaintiff's "notice of appeal was untimely filed," remanded the case to this Court with instructions "to construe Dickinson's notice of appeal as a motion to reopen under Federal Rule of Appellate Procedure 4(a)(6) and to consider whether such motion should be granted." Dkt. No. 17 at 1-2.

## II. DISCUSSION

Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides with certain exceptions not relevant in this action, that a notice of appeal in a civil action must be filed with the district court clerk within 30 days "after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1). Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides that a district court may reopen the time for appeal if the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or

---

[2] Plaintiff filed both a Notice of Appeal dated Oct. 4, 2016 (Dkt. No. 11), and a Request for Leave to Amend Appeal dated Oct. 11, 2016 (Dkt. No. 9). Both submissions were mistakenly filed with the Second Circuit Court of Appeals; as instructed by the Clerk of that Court, the Notice of Appeal was filed here as of the date it was received by the Second Circuit. *See* Dkt. No. 9-1; Dkt. No. 11-1.

> order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> > (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). If the foregoing conditions are met, the appeal period may be reopened for a period of 14 days from the date of the order reopening the time for appeal. *Id*. The Second Circuit has stated that

> [t]o qualify under subdivision (6), the movant must establish: (1) that he was entitled to notice of the entry of the judgment; (2) that he did not receive such notice from the clerk or any party within 21 days of its entry; (3) that no party would be prejudiced by the extension; and (4) that he moved within 180 days of entry of the judgment or within [14] days of his receipt of such notice, whichever is earlier.

*See Avolio v. County of Suffolk,* 29 F.3d 50, at 52 (2d Cir. 1994).

According to the docket in this action, the Clerk served the Judgment on plaintiff on August 23, 2016, by mail addressed to him at his address of record. *See* Dkt. No. 6. However, as stated by plaintiff in his September 13, 2016 letter to the Clerk inquiring about the status of this action, plaintiff had not received any "response" from the Court since filing his complaint. Dkt. No. 7. By Order of this Court filed September 29, 2016, the Clerk was directed to send plaintiff a second copy of the August Order and Judgment. Dkt. No. 8. Plaintiff states that he received these documents on October 4, 2017. Dkt. No. 11 at 3-4. Plaintiff's Notice of Appeal was dated that same day; his Request for Leave to Amend Appeal is dated October 11, 2016. *See* Dkt. Nos. 9, 11.

Based upon this information, the Court is satisfied that plaintiff did not receive notice of entry of the Judgment within 21 days of the date it was entered. Plaintiff's Notice of Appeal was filed within 14 days from his receipt of notice of entry of Judgment and within 180

3

days from the entry of Judgment. There is no basis in the record upon which this Court could conclude that the opposing party would be prejudiced if the time to appeal is reopened.

Accordingly, the conditions set forth in Fed. R. App. P. 4(a)(6) are deemed satisfied. In accordance with the Mandate, plaintiff's request to reopen the time to appeal is granted. The Clerk shall notify the Clerk of the Second Circuit of this Decision and Order; no further notice of appeal is required from plaintiff. *See* Mandate at 2 ("Jurisdiction over the appeal will be automatically restored to this Court, without the need for a new notice of appeal, upon notification to the Clerk of Court within 30 days of the district court's decision.").

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that in accordance with the Second Circuit's Mandate, plaintiff's Notice of Appeal (construed as a request to reopen the time to appeal pursuant to Fed. R. App. P. 4(a)(6)) is **GRANTED**; and it is further

**ORDERED** that the Clerk shall notify the Clerk of the Second Circuit of this Decision and Order; no further notice of appeal is required from plaintiff; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff and notify the Clerk of the Second Circuit Court of Appeals of this Decision and Order.

**IT IS SO ORDERED.**

Dated: June 9 , 2017

Thomas J. McAvoy
Senior, U.S. District Judge

4